IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-296-D

| | | |
|---|---|---|
| FREDDIE RAYNOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BOB ROLLINS, FRED WURTERS, MONA BHATTI, and DOROTHEA DIX HOSPITAL, | ) ) | |
| | ) | |
| Defendants. | ) | |

On June 19, 2009, Freddie Raynor ("Raynor" or "plaintiff") filed suit against Bob Rollins, Fred Wurters, Mona Bhatti, and Dorothea Dix Hospital, alleging several violations of his civil rights [D.E. 1]. Raynor alleges that in 2001 and 2002, Rollins, Bhatti, and Wurters forcibly medicated him against his will, resulting in sterility. Compl. 2. Raynor further alleges that from 1989 to 1991, after he was assaulted by another patient in the hospital, Rollins put Raynor in seclusion and forcibly medicated him. Id. On December 22, 2009, Rollins and Bhatti filed a motion to dismiss or, alternatively, for summary judgment [D.E. 17]. On December 30, 2009, Dorothea Dix Hospital filed a motion to dismiss or, alternatively, for summary judgment [D.E. 22].[1]

Raynor did not respond to either motion but has filed a motion to stay [D.E. 26], a motion for polygraph testing [D.E. 29], and a motion for default judgment [D.E. 31]. As explained below, the court grants Rollins' and Bhatti's motion to dismiss [D.E. 17], grants Dorothea Dix Hospital's

---

[1] The court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" without converting a motion to dismiss into a motion for summary judgment. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt County Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002). Accordingly, the court has not converted Rollins', Bhatti's, and Dorothea Dix Hospital's motions into motions for summary judgment.

motion to dismiss [D.E. 22], denies Raynor's motions [D.E. 26, 29, 31], and dismisses the claims against Wurters for failure to serve process within 120 days.

I.

Rollins and Bhatti argue that Raynor's claims are barred by the doctrine of res judicata. In support, they note that this court rejected Raynor's claims on the merits in Raynor v. Rollins ("Raynor I"), No. 5:03-CV-716-BR (E.D.N.C. Dec. 3, 2004) (unpublished).

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004) (quotation and alteration omitted). As the Fourth Circuit has stated:

> [T]he preclusive [e]ffect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for not only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.

Pension Benefit Guar. Corp. v. Beverley, 404 F.3d 243, 248 (4th Cir. 2005) (quotation and alteration omitted). The doctrine encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes. See, e.g., Pueschel, 369 F.3d at 354–56.

To succeed under the res judicata doctrine, "a party must establish: (1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." Beverley, 404 F.3d at 248 (quotations omitted). "The determination of whether two suits arise out of the same cause of action . . . does not turn on whether the claims asserted are identical. Rather, it turns on whether the suits and the claims asserted therein arise out of the same transaction or series of transactions or the same core of operative facts." Pueschel, 369 F.3d at 355 (quotation omitted).

2

In Raynor I, the court granted Rollins' and Bhatti's motion for summary judgment, concluding that the Eleventh Amendment barred Raynor's claims against them in their official capacities, and that Raynor "failed to establish a violation of any constitutional right." Raynor I, No. 5:03-CV-716-BR, at 1–2. Therefore, the prior judgment is final and on the merits. Moreover, the identity-of-parties element is satisfied because Rollins and Bhatti were named as defendants in Raynor I and this action, and Raynor is the plaintiff in both actions. Finally, in Raynor I, Raynor brought the same claims that Rollins and Bhatti "forcibly medicated him against his will, resulting in sterility and other harmful side effects, presumably all in violation of his civil rights." Raynor I, No. 5:08-CV-716-BR, at 1; see Complaint at 1–3, Raynor I, No. 5:03-CV-716-BR. Indeed, Raynor's complaint in this action is nearly identical to that in Raynor I. Compare Compl., with Complaint at 1–3, Raynor I, No. 5:03-CV-716-BR. Accordingly, the doctrine of res judicata bars Raynor's claims against Rollins and Bhatti, and the court grants Rollins' and Bhatti's motion to dismiss.[2]

Next, Dorothea Dix Hospital moves to dismiss based on the Eleventh Amendment and Raynor's failure to state a claim for relief against it. As for the Eleventh Amendment, Dorothea Dix Hospital asserts that Eleventh Amendment immunity bars Raynor's claims against it as a state agency. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Thus, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 663 (1974).

---

[2]In 2007, Raynor sued Rollins and Bhatti on identical claims in the United States District Court for the District of Columbia. The court dismissed the action as barred by res judicata. See Raynor v. Rollins, No. 1:07-CV-2208-UNA, at 1 (D.D.C. Nov. 9, 2007).

3

The Eleventh Amendment provides immunity from "suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury." Quern v. Jordan, 440 U.S. 332, 337 (1979). The Eleventh Amendment also "protects state agents and state instrumentalities" and confers an entitlement of "an immunity from suit rather than a mere defense to liability." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479, 482 (4th Cir. 2005) (quotations omitted) (emphasis removed). Absent waiver by the State or a valid congressional override, the Eleventh Amendment bars an action for damages in federal court against state agencies and other government entities that are characterized as "arm[s] of the State." Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 430 (1997) (quotation omitted).

Dorothea Dix Hospital is a North Carolina state mental health facility operated by the Secretary of the North Carolina Department of Health and Human Services. See N.C. Gen. Stat. § 122C-181. Raynor seeks damages from Dorothea Dix Hospital. See Compl. 1–3. North Carolina, however, has not consented to suit, and Congress did not abrogate North Carolina's Eleventh Amendment immunity when it enacted section 1983. Thus, the Eleventh Amendment bars Raynor's claim for money damages against Dorothea Dix Hospital. See, e.g., Alston v. John Umstead Hosp., 640 F. Supp. 55, 56 (E.D.N.C. 1986).

Alternatively, Raynor has failed to state a claim for relief, constitutional or otherwise, against Dorothea Dix Hospital. Indeed, it appears that Raynor accidently included Dorothea Dix Hospital as a defendant in that Raynor only listed Dorothea Dix Hospital to give an address for the three individual defendants named in the case. See Compl. 1. Accordingly, the court dismisses all claims against Dorothea Dix Hospital.

As for Raynor's suit against Wurters, Raynor has failed to effect service of process on Wurters within 120 days of filing his complaint in violation of the Federal Rules of Civil Procedure.

Case 5:09-cv-00296-D   Document 32   Filed 05/26/10   Page 4 of 5

See Fed. R. Civ. P. 4(m). Accordingly, Raynor's claims against Wurters are dismissed without prejudice.

Raynor asks the court to stay this action [D.E. 26], order the individual defendants to take polygraph examinations [D.E. 29], and enter a default judgment [D.E. 31]. The motions are frivolous. Thus, the court denies plaintiff's motion to stay [D.E. 26], denies his motion for polygraph testing [D.E. 29], and denies his motion for a default judgment [D.E. 31].

II.

Accordingly, the court GRANTS Rollins' and Bhatti's motion to dismiss [D.E. 17] and GRANTS Dorothea Dix Hospital's motion to dismiss [D.E. 22]. Moreover, the court DISMISSES without prejudice Raynor's claims against Wurters for failure to effect service of process within 120 days of filing his complaint. Finally, the court DENIES plaintiff's motions [D.E. 26, 29, 31].

The court has considered defendants' requests that the court enter a prefiling injunction under Cromer v. Kraft Foods North America, Inc., 390 F.3d 812, 818–20 (4th Cir. 2004). The use of prefiling injunctions against pro se plaintiffs must be "approached with particular caution." Id. at 818 (quotation omitted). The court declines to grant the request at this time but WARNS plaintiff that future failures to comply with the Federal Rules of Civil Procedure or orders of this court may result in sanctions, including monetary sanctions, dismissal, and a prefiling injunction. See Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40–41 (4th Cir. 1995).

SO ORDERED. This the 25 day of May 2010.

JAMES C. DEVER III
United States District Judge